**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BRANDEN WABE,**

**Plaintiff,**

**v.** **Case No: 8:26-cv-02254-MSS-LSG**

**MORGAN AUTO GROUP LLC d/b/a PORSCHE OF TAMPA, a Florida Limited Liability Company, and BANK OF AMERICA, N.A.,**

**Defendants.**

---

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion to Compel Arbitration (the "Motion") of Defendants Morgan Auto Group LLC ("Dealership") and Bank of America, N.A. ("Lender"), (Dkt. 9), and the response in opposition thereto of Plaintiff Branden Wabe. (Dkt. 10) Upon consideration of all relevant filings, case law and being otherwise fully advised, the Court **GRANTS** Defendants' Motion.

## I. BACKGROUND

On July 7, 2026, Plaintiff entered into and executed a Vehicle Buyer's Order (the "Initial VBO") and Retail Installment Sale Contract – Simple Finance Charge (with Arbitration Provision) (the "Initial RISC") with Dealership for the purchase of a used 2026 Porsche Macan, bearing VIN WP1AG2A52TLB40719. (Dkt. 9-1)

Dealership assigned its interest in the Initial RISC to Lender. (Id. at 9) On July 10, 2026, Plaintiff entered into and executed a revised Vehicle Buyer's Order (the "Second VBO") and Retail Installment Sale Contract – Simple Finance Charge (with Arbitration Provision) (the "Second RISC") with Dealership for the purchase of a used 2026 Porsche Macan, bearing VIN WP1AG2A56TLB41288. (Dkt. 9-2) Dealership assigned its interest in the Second RISC to Lender. (Id. at 11)

Plaintiff explains the existence of two sets of VBOs and RISCs as follows:

> I was told that I needed to sign the documents again because the vehicle I had been given the keys to and had taken home was not the vehicle identified in the original paperwork, and the VIN was different. At that time, I had already taken possession of the vehicle and had provided a down payment of $19,000. I was told that I could either return and obtain the vehicle identified in my paperwork or sign new documentation for the vehicle that was already in my possession. I responded that I wanted to keep the vehicle I had.

(Dkt. 11 at 3) Defendants' explanation is consistent. (Dkt. 9 at 2)

Both VBOs and both RISCs provide for arbitration of disputes. Plaintiff acknowledges he signed both VBOs and both RISCs. (Dkt. 11 at 1-2) Plaintiff states:

> Concerning negotiation or removal of the arbitration provision: I asked if I could request to opt out of arbitration, I was told no[.]
>
> …
>
> I did ask whether I could decline arbitration or complete the transaction without agreeing to arbitration. Specifically, I asked, "If I wanted to go to federal court instead of arbitration, could I?" I was told, "No."

(Id. at 3)

Defendants move to compel arbitration of this case, asserting that the subject matter of this case falls within the scope of the arbitration provisions in the VBOs and

RISCs that Plaintiff executed. In his response, Plaintiff does not dispute that his claims raised in this case fall within the scope of the arbitration provisions. Plaintiff contends that the Motion should be denied without prejudice because Defendant did not specify which of the four arbitration provisions, or combination thereof, in the VBOs and RISCs supplies a basis for compelled arbitration of Plaintiff's claims. The Court finds that the Motion is due to be granted.

## II. LEGAL STANDARD

Federal policy favors resolution of disputes through arbitration. Seaboard Coast Line R. Co. v. Trailer Train Co., 690 F.2d 1343, 1348 (11th Cir. 1982). "This federal policy requires that [the court] construe arbitration clauses generously, resolving all doubts in favor of arbitration." Id. However, a court "will not compel parties to arbitrate a dispute where the parties have not agreed to do so." Scott v. EFN Investments, LLC, 312 Fed. App'x. 254, 256 (11th Cir. 2009).[1] The Court engages in a two-step inquiry in analyzing a motion to compel arbitration: first it must determine whether the parties agreed to arbitrate the dispute; and then, it decides whether "legal constraints external to the parties' agreement foreclosed arbitration." Klay v. All Defendants, 389 F.3d 1191, 1200 (11th Cir. 2004). Whether a contract's arbitration clause requires arbitration of a given dispute is a matter of contract interpretation. Seaboard Coast Line R. Co., 690 F.2d at 1348. Therefore, the validity of an arbitration

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

agreement is a matter of state law. Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1367-68 (11th Cir. 2005).

The Federal Arbitration Act ("FAA") "requires courts to enforce [arbitration agreements] according to their terms." Rent-A-Ctr., W., Inc. v. Jackson, 561 U.S. 63, 66 (2010). Section 2 of the FAA provides that written provisions relating to arbitration are "valid, irrevocable, and enforceable" except where grounds "exist at law or in equity" to revoke the contract. Kincaid v. Beneficial Fla., Inc., No. 14-61647-CIV, 2015 WL 12781025, at *1 (S.D. Fla. Jan. 14, 2015) (citing 9 U.S.C. § 2). "[C]hallenges to the validity of the arbitration clause in particular or to the very existence of the contract must be resolved by the court before deciding a motion to compel arbitration." Wiand v Schneiderman, 778 F.3d 917, 924 (11th Cir. 2015).

Courts treat motions to compel arbitration similarly to motions for summary judgment. See Bazemore v. Jefferson Cap. Sys., LLC, 827 F.3d 1325, 1333 (11th Cir. 2016) ("We agree with our sister circuits that a summary judgment-like standard is appropriate and hold that a district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement.") (quoting Fed. R. Civ. P. 56(a)).

## III. DISCUSSION

In his response to the Motion, Plaintiff does not dispute Defendants' contention that the Parties agreed to submit disputes, including those raised in this case, to arbitration. Plaintiff does not dispute that Plaintiff, in exchange for consideration,

entered the VBOs and RICSs, and thus formed an agreement to require arbitration of the disputes. Plaintiff mentions various legal concepts (including contract formation and unconscionability) in his response, but Plaintiff does not contend that application of any legal concept requires denial of the Motion. (Cf., e.g., Dkt. 10 at 11-13 (Plaintiff's cryptic statements, unaccompanied by any assertion that an unconscionability defense or a contract formation defense applies in this case, that "Plaintiff relies on these matters as part of the procedural-unconscionability inquiry, not as an automatic failure of contract formation[,]" and that "Plaintiff requests consideration of any adequately supported unconscionability defense properly before the Court, subject to Section VI"s delegation analysis; lack of an opt-out alone does not satisfy the entire defense."))

Plaintiff states that "[t]he assignments naming [Lender] are relevant evidence and cannot be disregarded merely because the bank did not originate the retail sale. … Plaintiff therefore asks that the Court identify the agreement under which [Lender] is entitled to invoke arbitration[.]" (Dkt. 10 at 13)

Plaintiff's request for relief is imbedded in a response to a motion; therefore, it is not properly presented to the Court. See Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for [affirmative relief] simply is imbedded within an opposition memorandum, the issue has not been raised properly"); Storm Damage Sols., LLC v. RLI Ins. Co., No. 23-CV-23681, 2023 WL 8004314, at *2 (S.D.

Fla. Nov. 17, 2023) ("Courts typically do not rule on requests embedded in a legal memorandum, as opposed to being raised in an actual motion").[2]

Moreover, Plaintiff does not suggest that the relief he requests—judicial identification of the particular agreement(s) by which Lender, a nonparty to the VBOs and RISCs, may compel arbitration of Plaintiff's claims—would bear on the Court's ultimate resolution of the Motion. Plaintiff does not dispute that Lender is an assignee of Dealership's interests under the RISCs. (Cf. Dkt. 10 at 3, 13) Plaintiff suggests the existence of a question of whether the Second VBO and Second RISC supplanted the First VBO and First RISC, respectively, but Plaintiff does not suggest—and the Court does not find—that resolution of this question would bear on whether arbitration provisions in these papers require compelled arbitration of Plaintiff's claims. Plaintiff also does not contend that any of the arbitration provisions in papers attached to the Motion do not require arbitration of Plaintiff's claims in this case. In sum, several agreements to arbitrate are presented to the Court, and Plaintiff does not dispute that they require arbitration of Plaintiff's claims, regardless of whether any of the agreements to arbitrate were subsequently supplanted by substantively identical agreements to arbitrate.

[2] Plaintiff's response contains several distinct imbedded requests for relief, not all of which are addressed in this Order because none is properly presented to the Court.

## IV. CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** as follows:

1. Defendants' Motion to Compel Arbitration, (Dkt. 9), is **GRANTED**.
2. Plaintiff is **DIRECTED** to submit to binding arbitration of his claims against Defendants in conformity with this Order.
3. Pending resolution of the arbitration, proceedings in this case are **STAYED**.
4. Within **twenty-one (21) days** of the conclusion of arbitration proceedings, the Parties are **DIRECTED** to jointly:
    a. notify the Court of the conclusion of the arbitration proceedings;
    b. indicate whether any party intends to pursue confirmation of any award or decision in judicial proceedings; and,
    c. advise the Court how or whether this case should proceed.

**DONE and ORDERED** in Tampa, Florida this 16th day of November 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party